# UNITED STATES DISTRICT COURT

## THE EASTERN DISTRICT FOR THE STATE OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

U.S. District Court
Case No. 2:12-cr-20030-NGE-MKM-1, 4, 5

v.

JUDGE:  NANCY G. EMONDS
MAGISTRATE JUDGE: MONA J. MAJZOUB

JEFFREY BEASLEY *et al*.,

        Defendants.

_____/

| | |
|---|---|
| David A. Gardey (P48990) | Walter J. Piszczatowski (P27158) |
| Robert P. Cares (P28888) | Michael J. Rex (P35753) |
| Stephanie D. Davis (P47265) | HERTZ, SCHRAM PC |
| UNITED STATES ATTORNEY'S OFFICE | Attorneys for Defendant |
| Attorneys for Plaintiff | 1760 S. Telegraph Road, Suite 300 |
| 211 W. Fort Street, Suite 2001 | Bloomfield Hills, MI  48302-0183 |
| Detroit, MI  48226 | (248) 335-5000 / (248) 335-3346 (fax) |
| (313) 226-9100 / (313) 226-3265 (fax) | wallyp@hertzschram.com |
| David.Gardey@usdoj.gov | mrex@hertzschram.com |
| Robert.Cares@usdoj.gov | |
| Stephanie.davis@usdoj.gov | |
| | |
| Elliott S. Hall (P14546) | Christopher A. Andreoff  (P10193) |
| DYKEMA GOSSETT PLLC | JAFFE, RAITT HEUER & WEISS PC |
| Attorney for Defendant Paul Stewart | Attorney for Defendant Ronald Zajac |
| 400 Renaissance Center | 27777 Franklin Road |
| 38th Floor | Suite 2500 |
| Detroit, MI  48243-1668 | Southfield, MI  48034-8214 |
| (313) 568-6516 / (313) 568-6893 (fax) | (248) 351-3000 / (248) 351-3082 (fax) |
| Elliotthall19@yahoo.com | candreoff@jafferaitt.com |

Eric A. Ladasz (P65354)
ERIC A. LADASZ PC
Attorney for Defendant Ronald Zajac
25121 Ford Road
Dearborn, MI  48128
(313) 274-2890 / (313) 586-0078 (fax)
eladasz@yahoo.com

_____/

201529466.1 14893/136778

## MISCELLANEOUS ACTION FOR AN ORDER *IN LIMINE* CONCERNING ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS AND REQUEST FOR EXPEDITED DECISION ON SAME

Non-parties, Police and Fire Retirement System of the City of Detroit ("PFRS") and General Retirement System of the City of Detroit ("GRS")(collectively, "the Retirement Systems"), through their counsel, Clark Hill PLC, bring this miscellaneous action for an order in *limine* concerning attorney-client privileged communications. The Retirement Systems further request that the Court address this action on an expedited basis. In support of this action, the Retirement Systems state as follows:

### Introduction

1. On certain occasions during the (ongoing) trial in the matter of the *United States of America v. Jeffrey Beasley et al., 2:12-cr-20030-NGE-MKM* (as lead Defendant, referred to herein as "the Beasley Trial"), certain witnesses have been asked to provide testimony concerning or related to potentially private attorney-client communications between representatives of PFRS and/or GRS and their common or respective attorneys. As the Beasley Trial continues over the next several weeks, it is anticipated that other witnesses will be asked to provide testimony concerning or related to such communications. As more fully discussed below, (a) such communications are protected from disclosure under the attorney-client privilege, and (b) the witnesses who have testified, or may testify in the Beasley Trial, do not own the attorney-client privilege belonging to the Retirement Systems, and thus, do not have authority to waive the privilege.

2. As non-parties, and without any practical real-time means to do so, the Retirement Systems have not been able to object to or otherwise address the potentially privileged nature of

certain testimony provided to date in the Beasley Trial. Accordingly, so as to ensure the protection and preservation of their attorney-client privileged communications, the Retirement Systems bring this miscellaneous action for an order *in limine*, (a) precluding parties to the Beasley Trial and/or their counsel from seeking to discover the Retirement Systems' respective and/or common attorney-client privileged communications, (b) precluding parties to the Beasley Trial and/or their counsel from otherwise obtaining the Retirement Systems' respective and/or common attorney-client privileged communications, (c) precluding parties to the Beasley Trial and/or their counsel from disclosing the Retirement Systems' respective and/or common attorney-client privileged communications, (d) precluding any witnesses testifying in the Beasley Trial from disclosing the Retirement Systems' respective and/or common attorney-client privileged communications, and (e) providing for such further and different relief necessary or appropriate to protect the Retirement Systems' respective and/or common attorney-client privileged communications during the Beasley Trial.

3. Given the anticipated schedule in the Beasley Trial, and the continuation of same, the Retirement Systems also respectfully request that the Court address this action on an expedited, if not an emergency, basis.

4. Concurrence in the relief requested in this miscellaneous action was requested from counsel for the parties to the Beasley Trial, but concurrence was not obtained from all parties, making the filing of this action necessary.

## Controlling Law

5. The attorney-client privilege is one of the oldest (and most important) privileges in all of American Jurisprudence. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). A

3

communication that is the subject of the privilege is one made to (or by) an attorney, as a legal adviser, by (or to) a party, as a client, for the purpose of obtaining the attorney's legal advice and opinion, relative to some legal right or obligation. *Id.*

6. The attorney-client privilege is personal to the client, and only the client can waive it. *Leibel v. General Motors Corporation*, 250 Mich. App. 229, 240 (2002).

### Material Circumstances

7. On various occasions during the Beasley Trial witnesses have been asked to discuss (potentially) subject to an attorney-client privileging belonging exclusively to PFRS, GRS, or both Retirement Systems. For example, upon information and belief, Cynthia Thomas – a former administrator for the Retirement Systems - provided testimony about communications with PFRS' attorneys that transpired during a closed session. That testimony was (potentially) subject to the attorney-client privilege belonging to PFRS, and Ms. Thomas did not have the right (or the ability) to waive the privilege. Indeed, as set forth above, that privilege is personal to PFRS, and only PFRS could waive the privilege, which it did not, and does not.

### Conclusion

8. The instant miscellaneous action is necessary and important to protect the Retirement Systems' attorney-client privileged communications during the course of the Beasley Trial. As a non-parties to the Beasley Trial, and without the real-time ability to protect such communications from disclosure, the Retirements Systems respectfully request that the Court enter an order *in limine*, (a) precluding parties to the Beasley Trial and/or their counsel from seeking to discover the Retirement Systems' respective and/or common attorney-client

privileged communications, (b) precluding parties to the Beasley Trial and/or their counsel from otherwise obtaining the Retirement Systems' respective and/or common attorney-client privileged communications, (c) precluding parties to the Beasley Trial and/or their counsel from disclosing the Retirement Systems' respective and/or common attorney-client privileged communications, (d) precluding any witnesses testifying in the Beasley Trial from disclosing the Retirement Systems' respective and/or common attorney-client privileged communications, and (e) providing for such further and different relief necessary or appropriate to protect the Retirement Systems' respective and/or common attorney-client privileged communications during the Beasley Trial.

Respectfully submitted,

By: /s/ StuartM. Schwartz
Ronald A. King (P45088)
Martin E. Crandall (P26824)
Stuart M. Schwartz (P62752)
CLARK HILL PLC
500 Woodward Ave, Suite 3500
Detroit, Michigan 48226
(313) 965-8300/ (313) 309-6935 (fax)
rking@clarkhill.com
mcrandall@clarkhill.com
Dated: October 29, 2014                    sschwartz@clarkhill.com

5